**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DOROTHY LOWERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14182** |
| **TJX COMPANIES, INC., ET AL.** | **SECTION "B"(1)** |

**ORDER AND REASONS**

Before the Court is defendants and third-party defendants "VH Group, L.L.C. and Covington Specialty Insurance Company's Motion for Summary Judgment." Rec. Doc. 34. Defendants and third-party plaintiffs, TJX Companies, Inc. and Zurich American Insurance Company, timely filed an opposition memorandum. Rec. Doc. 37. Defendants and third-party defendants then requested (Rec. Doc. 39), and were granted (Rec. Doc. 40), leave to file a reply memorandum (Rec. Doc. 41). For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment (Rec. Doc. 34) is **DENIED WITHOUT PREJUDICE**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of a fall suffered by Dorothy Lowery ("Plaintiff") on September 7, 2015. Rec. Doc. 33 at ¶ 4. Plaintiff was visiting a TJ Maxx store owned by Defendant TJX Companies, Inc. ("TJX") to try on shoes. *Id.* She leaned against a table for support and "the screw/nail that was holding the table leg onto the table bent, causing the table leg to fold under the table and the table (along with [Plaintiff]) to fall." *Id.*

1

Plaintiff alleges that the table's legs were not adequately fastened by the table's manufacturers, Defendants VH Group, LLC ("VH Group") and Vietnam Housewares Co., Ltd. ("Vietnam Housewares"). Rec. Doc. 33 at ¶ 5. She is asserting claims under the Louisiana Products Liability Act ("LPLA") for failure to warn, design defect, and construction or composition defect. *Id.* at ¶ 7.

Plaintiff's second amended complaint named TJX; TJX's insurer, Zurich American Insurance Company ("Zurich"); VH Group; VH Group's insurer, Covington Specialty Insurance Company ("Covington"); and unidentified parties as Defendants. Rec. Doc. 33 at ¶ 2.

TJX filed a third-party complaint against VH Group and Covington, alleging that TJX purchased the table at issue from VH Group pursuant to a Purchase Order dated February 15, 2015. Rec. Doc. 14 at ¶ VI. TJX maintains that VH Group agreed to indemnify and hold TJX harmless for any claims brought by third parties arising from injuries allegedly caused by a defect in the table. *Id.* at ¶ VII. Accordingly, TJX argues that VH Group is obligated to pay the defense costs arising from this litigation. *Id.* at ¶ XI.

## II. **THE PARTIES' CONTENTIONS**

In the instant motion, VH Group maintains that the table identified in the third-party complaint and TJX's discovery

2

responses is not the table that Plaintiff alleges caused her injuries. Rec. Doc. 34-2.

TJX and Zurich respond that a TJX employee identified the table at issue as the table responsible for Plaintiff's injuries. Rec. Doc. 37 at 2.

### III. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting F̲ED̲. R. C̲IV̲. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a

genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Under the LPLA, a product's manufacturer may be held liable for damages caused by a characteristic of a product that rendered it unreasonably dangerous when the damages arose from a reasonably anticipated use of that product. LA. REV. STAT. ANN. § 9:2800.54(A). Thus, "proving the element of causation requires proof of exposure to the specific product alleged to have caused or contributed to the plaintiff's injuries and identification of the product's manufacturer." *Scaffidi v. Thompson-Hayward Chem., Inc.*, No. 94-3860, 1997 WL 469966, at *2 (E.D. La. Aug. 12, 1997) (citations omitted). *See also, e.g., Maldanado v. State Through Dep't of Transp.*, 618 So. 2d 537, 538-39 (La. App. 4 Cir. 1993) (granting summary judgment in favor of the defendant where, after depositions of both the plaintiff and arresting officer were taken, interrogatories and requests for production and for admissions

were propounded, and more than three years had elapsed since the suit was filed, the plaintiff could not offer proof as to who manufactured the handcuffs that were used in his arrest).

During her deposition, Plaintiff testified that the table was about as high as her hip. *See* Rec. Doc. 34-5 at 2, 6 ("The table was a little higher than I think my hip").[1] The parties measured the distance from the ground to Plaintiff's hip and determined that it was about thirty-five (35) inches. *Id.* at 7. Further, Plaintiff testified that the table was tan or beige in color. *Id.* at 2. VH Group maintains that the table sold to TJX was only twenty-two (22) inches tall and black in color. Rec. Doc. 34-2 at 4 (citing Rec. Docs. 34-4 at 30, a picture of a round black table, 34-7, a picture showing the height of the round black table to be approximately twenty-two inches).[2]

On March 30, 2017, VH Group propounded a single request for admission. Rec. Doc. 34-6. It stated simply, "[p]lease admit the table shown in Exhibit 'A' was not the one involved in the incident which is the subject of the instant litigation." *Id.* at 4. "Exhibit A" contained a photograph of a round black table. *Id.* at 6.

---

[1] Rec. Doc. 34-5 contains excerpts from Plaintiff's deposition testimony. It will be cited according to the record document page number, rather than the deposition transcript page number.

[2] The first picture was produced by TJX in response to interrogatories. TJX identified the picture as a "[c]olor photograph[] of the table at issue taken be Zurich . . . ." Rec. Doc. 34-4 at 10. VH Group appears to admit that the round black table, approximately twenty-two inches tall, is a table supplied by VH Group. *See* Rec. Doc. 34-2 at 4 ("The VH Group table in the possession of TJX is black and only twenty-two inches (22") tall") (emphasis added).

5

Plaintiff failed to respond to this request for an admission. Rec. Doc. 34-2 at 5.

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Thus, if a request for admission "concern[s] an essential issue, the failure to respond . . . can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

According to TJX and Zurich, Yasmine Parker, a TJX employee, "identified the round, black twenty-two inch high table . . . as being the broken table she saw in the store after Plaintiff's fall on September 17, 2015." Rec. Doc. 37 at 2 (citing Rec. Doc. 37-2, Parker's affidavit). Even though Parker was working in the store on that day, she did not witness the incident; however, she states that she "did see the customer and the table after the incident." Rec. Doc. 37-2 at 1, ¶ 3. She accordingly testified that "[t]he table depicted in the photographs attached to this Affidavit . . . is the table that was involved in the incident with a female

6

customer at the store on September 7, 2015." *Id.* at 1, ¶ 5. One of the photographs appears to show that one of the legs of the round black table is broken. *Id.* at 6. TJX and Zurich further argue that Plaintiff's failure to respond to the request for admission should not be used to support summary judgment against TJX and Zurich. *Id.* at 5 n.23. Finally, TJX and Zurich argue that Plaintiff intends to depose Parker, such that the instant motion for summary judgment should be denied as premature. *Id.* at 5.

VH Group and Covington respond that Parker's affidavit is not based on personal knowledge, because she did not witness the incident; the instant motion sought to dismiss only Plaintiff's claims under the LPLA against VH Group and Covington, not the cross-claims of TJX and Zurich; and Plaintiff failed to respond to the instant motion. Rec. Doc. 41 at 1-4.

Even though TJX and Zurich may not be the subject of the instant motion, they clearly have an interest—if the Court grants the motion, essentially finding that Plaintiff cannot prove that the black, twenty-two-inch-high table was the table responsible for her injuries, then the cross-claims filed by TJX and Zurich are rendered moot. Therefore, the Court will consider evidence produced by TJX and Zurich in response to the instant motion.

Under Rule 56(c)(4), an affidavit used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that

7

the affiant or declarant is competent to testify on the matters stated." Parker's affidavit, in its current form, is problematic. She did not witness the incident and therefore cannot competently testify to whether or not the black table was the table responsible for Plaintiff's fall. Even though Parker's conclusion that the black table was the table "involved in the incident" is not based on her personal knowledge, it could reasonably be based on facts within her personal knowledge. Parker was present on the day of the incident, so she competently testified to seeing the customer and the black table following the purported incident. It appears probable therefore that Parker arrived on the scene and witnessed Plaintiff sitting on the floor next to, or otherwise near, a broken black table. This information could have reasonably led her to believe that Plaintiff fell after leaning on the black table and to subsequently testify that the black table was the table "that was involved in the incident with the female customer at the store on September 7, 2015."

Parker's affidavit contains sufficient circumstantial material to defeat summary dismissal of Plaintiff's claims at this time.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the motion for summary judgment (Rec. Doc. 34) is **DENIED WITHOUT PREJUDICE** to re-urge if it is later

discovered that the table allegedly responsible for Plaintiff's injuries was not manufactured or supplied by VH Group.

New Orleans, Louisiana, this 27th day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE