UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY LOWERY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 16-14182** |
| **TJX COMPANIES, INC., ET AL** | **SECTION: "B"(1)** |

ORDER AND REASONS

Before the Court are two motions for summary judgment.

First is "VH Group, L.L.C. and Covington Specialty Insurance Company's Motion for Summary Judgment." Rec. Doc. 45. On August 16, 2017, Plaintiff Dorothy Lowery filed a notice of non-opposition to this motion. Rec. Doc. 53.

Second is the "Motion for Summary Judgment Filed by the TJX Companies, Inc. and Zurich American Insurance Company." Rec. Doc. 47. Plaintiff timely filed an opposition memorandum. Rec. Doc. 52. Defendants then requested, and were granted, leave to file a reply memorandum. Rec. Doc. 57. For the reasons discussed below,

**IT IS ORDERED** that VH Group, L.L.C. and Covington Specialty Insurance Company's motion for summary judgment (Rec. Doc. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that TJX Companies, Inc. and Zurich American Insurance Company's motion for summary judgment (Rec. Doc. 47) is **GRANTED IN PART**.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1

This case arises out of a fall suffered by Dorothy Lowery ("Plaintiff") on September 7, 2015. Rec. Doc. 33 at ¶ 4. Plaintiff was visiting a TJ Maxx store owned by Defendant TJX Companies, Inc. ("TJX") to try on shoes. *Id.* She leaned against a table for support and "the screw/nail that was holding the table leg onto the table bent, causing the table leg to fold under the table and the table (along with [Plaintiff]) to fall." *Id.*

In her complaint, Plaintiff alleged that the table's legs were not adequately fastened by the table's manufacturers, Defendants VH Group, LLC ("VH Group") and Vietnam Housewares Co., Ltd. ("Vietnam Housewares"). Rec. Doc. 33 at ¶ 5.[1] She is asserting claims under the Louisiana Products Liability Act ("LPLA") for failure to warn, design defect, and construction or composition defect, as well as under Louisiana Civil Code articles 2315 and 2317. *Id.* at ¶¶ 7, 11.

Plaintiff's second amended complaint named TJX; TJX's insurer, Zurich American Insurance Company ("Zurich"); VH Group; VH Group's insurer, Covington Specialty Insurance Company ("Covington"); Vietnam Housewares; and unidentified parties as Defendants. Rec. Doc. 33 at ¶ 2.

---

[1] There was some dispute as to whether or not the table at issue was the table later identified by and in the possession of TJX. *See* Rec. Doc. 42. In accordance with the parties' arguments and for the purposes of the instant motions for summary judgment, the Court will assume that the table in TJX's possession was the table involved in the underlying incident. *See* Rec. Doc. 45-2 at 2 n.4, 3 n.8.

2

TJX filed a third-party complaint against VH Group and Covington, alleging that TJX purchased the table at issue from VH Group pursuant to a Purchase Order dated February 15, 2015. Rec. Doc. 14 at ¶ VI. TJX maintains that VH Group agreed to indemnify and hold TJX harmless for any claims brought by third parties arising from injuries allegedly caused by a defect in the table. *Id.* at ¶ VII. Accordingly, TJX argues that VH Group is obligated to pay the defense costs arising from this litigation. *Id.* at ¶ XI.

### A. IS TJX LIABLE UNDER THE LOUISIANA CIVIL CODE?

Under Louisiana law, the plaintiff in a negligence action must prove "by a preponderance of the evidence the following five elements: 1) duty of care owed by the defendant to the plaintiff; 2) breach of that duty by the defendant; 3) cause-in-fact; 4) legal causation; and 5) damages to the plaintiff caused by that breach." *Boudreaux v. Bollinger Shipyard*, 15-1345, p. 21 (La. App. 4 Cir. 6/22/16); 197 So. 3d 761, 773-74 (citations omitted). More specifically, "[w]hen an individual is injured as a result of an unreasonably dangerous condition existing on a landowner's property, he can recover damages relying on either [Louisiana Civil Code article 2315], which is the basis of general negligence liability, or [article 2317], which provides for a strict liability theory of recovery." *Amest v. City of Breaux Bridge*, 01-1034, p. 1 (La. App. 3 Cir. 12/12/01); 801 So. 2d 582, 584 (quoting *LeJeune*

*v. Riviana Foods*, 97-1091, p. 2 (La. App. 3 Cir. 2/18/98); 707 So. 2d 1038, 1039, *writ denied,* 98-0749 (La. 5/1/98); 718 So. 2d 418). Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. On the other hand, article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by . . . the things which we have in our custody." LA. CIV. CODE art. 2317. In 1996, the Louisiana legislature added article 2317.1, which provides that "[t]he owner or custodian of a thing is answerable for damage occasioned by its . . . defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the . . . defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." LA. CIV. CODE art. 2317.1.

Thus, under either article 2315 or 2317, "the plaintiff first has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause-in-fact of the resulting injury." *Amest*, 801 So. 2d at 584 (quoting *LeJeune*, 707 So. 2d at 1040). As to the second element, "the defect mu[st] be of such a nature as to

4

constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Jordan v. Hickman*, 39,519, p. 4 (La. App. 2 Cir. 4/6/05); 899 So. 2d 830, 833, *writ denied,* 05-1066 (La. 6/17/05); 904 So. 2d 712 (quoting *Durmon v. Billings*, 38,514, p. 7 (La. App. 2 Cir. 5/12/04); 873 So. 2d 872, 877, *writ denied,* 04-1805 (La. 10/29/04); 885 So. 2d 588). A defect will not be "inferred simply because an accident occurred" and "where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Jordan*, 899 So. 2d at 833-34 (citing *Carroll v. Holt*, 36,615, pp. 4-5 (La. App. 2 Cir. 12/11/02); 833 So. 2d 1194, 1197-98).

Ultimately, to determine if the defendant "failed to exercise reasonable care" or "acted unreasonably," the court may consider the "Learned Hand formula" promulgated by Judge Hand in *United States v. Carroll Towing Co.*, 159 F.2d 169 (2d Cir. 1947). *Myers v. Dronet*, 01-5, p. 14 (La. App. 3 Cir. 6/22/01); 801 So. 2d 1097, 1109. This formula "prescribes the amount of caution which a particular occurrence requires a person to take" and requires consideration of (1) the likelihood that the thing will cause injury; (2) the seriousness of any resulting injury; and (3) the burden imposed on the defendant to avoid the risk. *Id.* (citation omitted).

TJX and Zurich argue that Plaintiff cannot show that TJX (1) breached a duty to provide adequate seating; or (2) owed a duty to protect Plaintiff from any risk associated with using the table to support her weight. Rec. Doc. 47-1 at 4. Specifically, Defendants note that there were two red-topped benches at the end of the aisles in the shoe department, a bench at the entrance of the store, and two benches at the entrance to the dressing rooms. Rec. Docs. 47-4 at 30-31, 34, 65; 47-6 at 1, 3-6. They further argue that there is no evidence that the table was defective and that "the risk created by using the table to support her weight was . . . patently obvious and easily avoidable," thereby precluding liability under articles 2315 and 2317 and the LPLA. Rec. Doc. 47-1 at 7-9.

Plaintiff responds that the benches provided by TJX "are not readily apparent to shoppers." Rec. Doc. 52 at 2. Rather, the benches in the shoe department were "placed at the end of the shoe racks facing a nearby wall and their width matches the width of the shoe racks," such that they "are not visible from large percentages of the shoe department." *Id.* The TJ Maxx Operations Manager, Sara Martin, testified that "the benches were placed pursuant to a corporate policy called 'department flow.'" *Id.* Because Plaintiff has not had the opportunity to take the TJX corporate deposition and inquire into both "department flow" and how often customers try on shoes outside the shoe department, she

requests additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). *Id.* at 2-3; *see also* Rec. Doc. 52-2 at ¶¶ 3-4. Citing to the Learned Hand test, Plaintiff argues that this additional discovery could help determine the likelihood of injury and whether or not the risk of harm outweighed any burden imposed on TJX. Rec. Doc. 52 at 4. Plaintiff also requests the opportunity to depose TJ Maxx personnel who may have information regarding how often customers try on shoes outside the shoe department and notes that she "has commissioned a photographer to take pictures of the shoe department . . . ." *Id.* Finally, she reminds the Court that the discovery deadline is not until September 25. *Id.* at 3; *see also* Rec. Doc. 29 at 1.

In their reply memorandum, TJX and Zurich argue that Plaintiff has failed to show that the table was defective or to allege that additional discovery will yield evidence that the table was defective. Rec. Doc. 54-2 at 5. Thus, they reason that Plaintiff is limiting her claim and seeking only to hold TJX liable for allegedly providing inadequate seating. *Id.* They respond that Plaintiff failed to explain how additional discovery would be material to whether or not TJX breached an alleged duty to provide additional or more visible seating, whether any resulting risk was avoidable, and/or whether any alleged breach caused her injuries. *Id.* at 6, 8.

Plaintiff has failed to clearly describe the basis for her claims against TJX. Based on her response memorandum, the Court surmises, like Defendants, that Plaintiff is no longer claiming that the table was defective. Even though she stated in her statement of contested and uncontested material facts that she disputes Defendants' statement that "Plaintiff has offered no evidence that the table was defective," (Rec. Docs. 47-2 at ¶ 20; 52-1 at ¶ 20), she presented no evidence of a defect in the table and failed to explain how additional discovery could lead to a genuine issue of material fact regarding any alleged defect. Further, Plaintiff did not oppose the motion for summary judgment filed by VH Group and Covington, which essentially argued that Plaintiff could not prove that the table was defective under the LPLA. Rec. Docs. 45, 53. Accordingly, the only remaining issue is whether or not Defendants provided adequate seating to customers.

This claim appears to arise under article 2315 and Louisiana's negligence law. Thus, Plaintiff must prove that (1) TJX owed a duty to provide adequate seating, (2) TJX breached that duty, and (3) TJX's breach was both a cause-in-fact and (4) a legal cause of (5) Plaintiff's injuries. *See, e.g. Boudreaux*, 197 So. 3d at 773-74. In her response, Plaintiff essentially requests additional time to discover facts to address the duty and breach elements. Even though she does not address the remaining elements of her claim, she suggests that additional discovery will create a genuine

issue of material fact as to duty and breach because (1) TJ Maxx personnel have seen other customers lean on furniture to try on shoes; (2) the photographs will demonstrate that the available benches are hidden from view; and (3) the burden of providing additional seating is outweighed by the risk to customers. Rec. Doc. 52 at 2-3.

At this stage, it is unclear if the requested discovery will yield these facts and the Court is unsure if such facts would create a genuine issue warranting trial. However, because it is possible that they may create such an issue, the discovery deadline is not until September 25, 2017,[2] Plaintiff has requested relief under Rule 56(d), and such relief "should be liberally granted" [*Culwell v. City of Ft. Worth,* 468 F.3d 868 at 871 (5th Cir. 2006)], we will deny without prejudice Defendants' motion for summary judgment on Plaintiff's negligence claim regarding adequate seating.

### B. IS TJX LIABLE UNDER THE LPLA?

In her Rule 56(d) opposition, Plaintiff did not address whether or not she was pursuing any LPLA claims against TJX. For

---

[2] Defendants also argue that Plaintiff has not diligently pursued her claims. Rec. Doc. 54-2 at 7. Specifically, even though several potential witnesses were identified in an April 13, 2017 deposition, Plaintiff waited until August 11, 2017 (three days after Defendants filed their motion for summary judgment), to notice those witnesses for deposition. *Id.* (citations omitted). Plus, Plaintiff waited until the same day to request a corporate deposition of TJX. *Id.* However, the simple fact that discovery does not close until September 25, 2017 undermines Defendants' argument that Plaintiff did not diligently pursue her claims.

the reasons discussed below, any such claims are dismissed with prejudice.

The LPLA provides that a product is unreasonably dangerous if:

(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;[3]
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;[4]
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57;[5] or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the

---

[3] A product has a manufacturing defect "if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." § 9:2800.55. "Accordingly, a claimant must demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'" *Welch v. Technotrim, Inc.*, 34,355, p. 8 (La. App. 2 Cir. 1/24/01); 778 So. 2d 728, 733, *writ not considered,* 01-0512 (La. 4/20/01); 790 So. 2d 12, *writ denied,* 01-0512 (La. 6/15/01); 793 So. 2d 1232 (citations omitted).

[4] A product is defectively designed "if, at the time it left the manufacturer's control, there existed an alternative design that was capable of preventing the claimant's damage and the likelihood and gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and any adverse effect on the product's utility." *Gladney*, 911 So. 2d at 370; § 9:2800.56. Significantly, "Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred." *McCarthy v. Danek Med., Inc.*, 65 F. Supp. 2d 410, 412 (E.D. La. 1999) (citation omitted). In some cases, if the plaintiff fails to present "expert or technical evidence to support the contention that the design was defective or to establish an alternative design," there is no triable issue of fact for the jury. *Id.* (citations omitted).

[5] A product is unreasonably dangerous due to an inadequate warning "if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." § 9:2800.57(A). The statute further provides that an "adequate warning" refers to "a warning or instruction that would lead an ordinary reasonable user . . . to contemplate the danger in using . . . the product and either to decline to use . . . the product or, if possible, to use . . . the product in such a manner as to avoid the damage for which the claim is made." § 9:2800.53(9).

>       manufacturer about the product as provided in R.S.
>       9:2800.58.

§ 9:2800.54(B). Plaintiff bears the burden of proving the existence of a defect by a preponderance of the evidence. § 9:2800.54(D); *Gladney v. Milam*, 39,982, p. 7 (La. App. 2 Cir. 9/21/05); 911 So. 2d 366, 370 (citations omitted).

"[T]he LPLA does not provide a cause of action against 'sellers,' but only against manufacturers." *Tantillo v. Cordis Corp.*, No. 04-2005, 2004 WL 2212113, at *1 (E.D. La. Sept. 30, 2004) (citing La. Rev. Stat. Ann. § 9:2800.52 (providing that the statute "establishes the exclusive theories of liability for manufacturers for damage caused by their products")). According to the statute, "manufacturer" "means a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. Rev. Stat. Ann. § 9:2800.53(1). It also means:

>   (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
>   (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
>   (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.
>   (d) A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer.

*Id.*

TJX and Zurich argue that Plaintiff cannot prove that TJX manufactured the table. Rec. Doc. 47-1 at 9-10. In her statement of material facts, Plaintiff did not dispute the statement that "TJX is a retail seller of goods." Rec. Doc. 47-2 at ¶ 21; 52-1 at ¶ 21. Thus, the Court must assume that Plaintiff is not pursuing claims against TJX as a manufacturer of the table at issue.

Nonetheless, a non-manufacturing seller may be held liable if (1) the product sold was defective; (2) the seller had actual or constructive knowledge that the product was defective; and (3) the seller failed to declare the defect. *Alexander v. Toyota Motor Sales, U.S.A.*, 13-0756, pp. 3-4 (La. 9/27/13); 123 So. 3d 712, 714 (citing *Reaux v. Deep S. Equip. Co.*, 02-1571, pp. 5-6 (La. App. 4 Cir. 2/5/03); 840 So. 2d 20, 23-24, *writ denied,* 03-1165 (La. 6/20/03); 847 So. 2d 1237); *see also Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 245 (5th Cir. 2014); *Tunica-Biloxi Indians of La. v. Pecot*, No. 02-1512, 2006 WL 273604, at *3 (W.D. La. Feb. 2, 2006) (citations omitted). "There is no duty, however, for a non-manufacturer seller to inspect a product prior to sale to determine the possibility of inherent vices or defects" and "a seller has no independent duty to warn or instruct purchasers in the proper use of a product." *Zehner v. Nordskog Indus., Inc.*, No. 92-2508, 1992 WL 233984, at *3 (E.D. La. Sept. 2, 1992) (citations omitted).

Even if Plaintiff wishes to hold TJX liable as a non-manufacturing seller, Plaintiff has presented no evidence of any

12

alleged defect or Defendants' knowledge of such defect or argued that additional discovery will yield a genuine issue of material fact regarding any alleged defect or Defendants' knowledge of any such defect. Therefore, TJX and Zurich cannot be held liable as manufactures or non-manufacturing sellers.

Accordingly,

**IT IS ORDERED** that VH Group and Covington's motion for summary judgment (Rec. Doc. 45) is **GRANTED** as unopposed. Consequently, Plaintiff's claims against VH Group and Covington are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that TJX and Zurich's motion for summary judgment (Rec. Doc. 47) is **GRANTED IN PART**. Any LPLA claims and any claims that Plaintiff's injuries resulted from some defect in the table asserted against TJX and Zurich are **DISMISSED WITH PREJUDICE**. However, the motion is denied without prejudice to re-urge to the extent that the Court will allow Plaintiff additional time to conduct discovery within existing deadlines regarding her allegation that TJX negligently failed to provide adequate seating to customers.

The discovery deadline in this case is September 25. Rec. Doc. 29 at 1. Plaintiff indicated that the depositions of five witnesses and TJX's corporate deposition will proceed in early September. Rec. Doc. 52 at 3. However, the scheduling order also provides that all dispositive motions shall be filed in sufficient

time to permit hearing thereon no later than September 29. Rec. Doc. 29 at 1. The Court's corresponding motion day is September 20; accordingly, pursuant to Local Rule 7.2, TJX and Zurich would have to re-urge their motion for summary judgment regarding Plaintiff's negligence claims by September 5, 2017. This does not permit sufficient time to complete the requested depositions and prepare a dispositive motion. Therefore, Defendants TJX and Zurich may file a motion for summary judgment on this issue no later than September 19, 2017 and set the motion for submission on October 4, 2017. This will provide the parties sufficient time to complete discovery and prepare the motion and provide the Court sufficient time to act on the motion ahead of the October 25, 2017 final pretrial conference. When filing any such motion, TJX and Zurich should explicitly refer to this Order and Reasons and the Court's directives regarding the submission of the motion.

TJX and Zurich's third-party claims against VH Group and Covington are based on Plaintiff's allegation that her injuries resulted from a defect in the table. Rec. Doc. 14 at ¶ V. Because this Court has issued summary judgment in favor of VH Group, Covington, TJX, and Zurich regarding Plaintiff's claims of a defective table, it appears that TJX and Zurich's third-party claims against VH Group and Covington are no longer viable. The parties should take the appropriate action to dismiss these claims

and otherwise terminate VH Group and Covington as parties to this action.

Nonetheless, it is unclear whether Plaintiff is attempting to serve Defendant Vietnam Housewares, whether she seeks to maintain her claims against Vietnam Housewares, or whether any such claims include a viable allegation that Vietnam Housewares manufactured a defective table. It is also unclear whether these claims would impact TJX's third-party claims against VH Group.

Trial is scheduled to begin in less than three months. The parties are therefore directed to resolve and/or clarify these issues within 14 days from date of this order.

New Orleans, Louisiana, this 5th day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE