**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DOROTHY LOWERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14182** |
| **TJX COMPANIES, INC., ET AL.** | **SECTION "B"(1)** |

<u>**ORDER AND REASONS**</u>

The parties have each filed a motion for summary judgment. The first is "Plaintiff's Motion for Partial Summary Judgment." Rec. Doc. 65. Defendants, TJX Companies, Inc. and Zurich American Insurance Company, timely filed an opposition. Rec. Doc. 69. The second is the "Motion for Summary Judgment Filed by the TJX Companies, Inc. and Zurich American Insurance Company." Rec. Doc. 70. Plaintiff timely filed an opposition. Rec. Doc. 73. Defendants then sought, and were granted, leave to file a reply. Rec. Docs. 74, 74-2.

For the reasons discussed below,

**IT IS ORDERED** that Defendants' motion for summary judgment (Rec. Doc. 70) is **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (Rec. Doc. 65) is **DISMISSED AS MOOT.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 7, 2015, Plaintiff Dorothy Lowery visited one of TJX's TJ Maxx stores to purchase a pair of shoes. Rec. Doc. 33 ¶ 4. Seating was available in the shoe department and throughout the store, but Plaintiff claims not to have been aware of the seating locations. Rec. Doc. 70-2 ¶¶ 3, 6, 8, 11, 12; Rec. Doc. 73-1 ¶¶ 3, 6, 8, 11, 12. Instead, when Plaintiff found a pair of shoes that she was interested in purchasing, she leaned against a table with one hand while using her other hand to remove one of her shoes and put on one of the new shoes. Rec. Doc. 70-2 ¶¶ 23, 25; Rec. Doc. 73-1 ¶¶ 23, 25. The table collapsed and Plaintiff fell to the ground. Rec. Doc. 70-2 ¶ 26; Rec. Doc. 73-1 ¶ 26. Plaintiff brought negligence and products liability claims against Defendants. Rec. Doc. 33 ¶¶ 7-11, 14. The products liability claims were dismissed in an earlier Order and Reasons, leaving only Plaintiff's claim that "TJX negligently failed to provide adequate seating to customers." Rec. Doc. 63 at 8, 13.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine

issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, she must "demonstrate the absence of a genuine issue of material fact using "competent summary judgment evidence." *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets her burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

Courts analyzing a negligence claim under Louisiana state law apply a duty-risk analysis, which asks a series of questions: "Was a duty owed? Was the duty breached? Did the breach of duty cause the plaintiff's harm?" *Edminson v. Caesars Entm't Co.*, 177 F. Supp. 3d 972, 976 (E.D. La. 2016); *see also Bufkin v. Felipe's La., LLC*, 2014-0288, p. 4-5 (La. 10/15/14); 171 So. 3d 852, 855. As a result, a plaintiff can only prevail on a negligence claim if she establishes (1) that the defendant owed her a duty, (2) that the defendant breached that duty, (3) that the breach was a cause-in-

fact of her injuries, (4) that the breach was a legal cause of her injuries, and (5) actual damages. *Bufkin*, 171 So. 3d at 855.

A storeowner who opens his business to the public is responsible for injuries caused by dangerous conditions that pose "an unreasonable risk of harm to others." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238, p. 9 (La. 4/5/13); 113 So. 3d 175, 183-84. Louisiana courts have adopted a "risk-utility balancing test to determine whether . . . a condition is unreasonably dangerous[,]" such that a defendant would owe a duty to an injured plaintiff. *Bufkin*, 171 So. 3d at 856. The test weighs four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.*

The second factor is especially consequential because "a defendant generally does not have a duty to protect against an open and obvious hazard." *Broussard*, 113 So. 3d at 184. As a result, a plaintiff's negligence claim will fail if the allegedly dangerous condition was "open and obvious." *See, e.g.*, *Bufkin*, 171 So. 3d at 855-58. Given its potential to dispose of Plaintiff's claims, the second factor merits discussion before the rest of the risk-utility test.

4

A condition is open and obvious when it is "open and obvious to all, *i.e.*, everyone who may potentially encounter it." *Broussard*, 113 So. 3d at 184. "If the complained-of condition should be obvious to all, then it may not be unreasonably dangerous." *Id.* at 188. In this vein, courts have held that the danger posed by an unpaved parking lot is open and obvious to drivers who park in the lot. *See Allen v. Lockwood*, 2014-1724 (La. 2/13/15); 156 So. 3d 650, 653. The danger that an obstructed view poses to pedestrians crossing a street is open and obvious because pedestrians know the risks inherent to crossing a street, especially when they cannot see the cross traffic clearly. *Bufkin*, 171 So. 3d at 856-58. Similarly, the absence of yellow lines separating the steps on an escalator is an open and obvious condition because "[i]t is no secret that the steps on an escalator move and eventually separate as they begin to go up or down" and all riders can readily determine whether the steps on any given escalator are demarcated by yellow stripes. *Edminson*, 177 F. Supp. 3d at 979.

The alleged lack of seating in the TJX shoe department is an open and obvious condition. Plaintiff alleges that she did not see the seating that TJX had provided in the shoe department or in other areas of the store. Rec. Doc. 73-1 ¶¶ 3, 8. Plaintiff's subjective unawareness of the location of the seating in the store is immaterial because, under Louisiana negligence law, the

5

relevant question is whether any risks posed by a lack of seating in a shoe store would have been obvious to all shoppers. *See Broussard*, 113 So. 3d at 188-89.

It should be apparent to all shoppers, at least in the moment when they decide to try on a pair of shoes, whether or not they are seated. All shoppers should also know that trying on a pair of shoes without first taking a seat will require balancing and supporting oneself on one leg and then the other. The risk of falling inherent to such a maneuver is "obvious to all" because the vast majority of people have at some point tried on a pair of shoes, or at the very least stood on one leg for some period of time. Therefore, Defendant TJX owes no duty to Plaintiff with respect to the allegedly inadequate seating in the shoe department. *See Allen*, 156 So. 3d at 653; *Bufkin*, 171 So. 3d at 856-58; *Edminson*, 177 F. Supp. 3d at 979. Because plaintiff has the burden of proof in her negligence claim, the inability to establish the duty element is fatal to Plaintiff's case. *See Bufkin*, 171 So. 3d at 855, 858.

Proceeding through the remainder of the risk-utility balancing test produces the same outcome. The first prong calls for examination of the social utility of the "complained-of condition" in the TJX store. *See Bufkin*, 171 So. 3d at 856. The proper arrangement of seating in a store has social value because it prevents tripping hazards and ensures equal access under the

6

requirements of the Americans with Disabilities Act. *See* Rec. Doc. 70-2 ¶¶ 16, 17, 29-33; Rec. Doc. 73-1 ¶¶ 16, 17, 29-33 (though Plaintiff disputes Defendants' contention that the seating arrangement in place when Plaintiff fell is the only permissible arrangement under the ADA, Plaintiff acknowledges that the location of seating in a store is governed by the ADA and that improper placement of seating can create hazards for customers).

The second prong pertains to the "likelihood and magnitude of harm, including the obviousness and apparentness of the condition." *See Bufkin*, 171 So. 3d at 856. As discussed previously, the arrangement of furniture in a store is obvious, especially when the complained-of hazard is inadequate seating. Moreover, the seating arrangement at issue here was not dangerous. Plaintiff has offered no evidence that any other TJX customers were injured by the allegedly inadequate seating in the store. The closest Plaintiff comes to meeting her burden is her offer of testimony from one deponent who, "multiple times," saw customers lean against wheeled furniture, causing the furniture to move. *See* Rec. Doc. 73-6. But this small number of incidents that plaintiff highlights does not prove that the seating arrangement was dangerous—especially given that there is no evidence that any of those other customers were injured. *See Edmison*, 177 F. Supp. 3d at 980 (holding that defendant owed plaintiff no duty under the risk-

7

utility analysis in part because the allegedly dangerous condition led to very few accidents).

The fourth factor is the cost of preventing the alleged harm. This factor is hotly debated by the parties. Plaintiff argues that the store's furniture could be easily rearranged to make seating more visible from the front of the shoe department. Rec. Doc. 73-1 ¶¶ 16, 17. Defendants argue that TJX cannot rearrange the furniture without violating the ADA, which would be a very high cost indeed. Rec. Doc. 70-2 ¶¶ 29, 30, 32, 33. But the dispute over the impact of the ADA does not need to be resolved to determine that the fourth factor weighs in favor of Defendants because the "precedent of a favorable finding for the [P]laintiff[] could be incalculable." *Edmison*, 177 F. Supp. 3d at 980.

If stores have a duty to prevent customers from making choices that expose themselves to open and obvious risks, then the stores have an awesome duty to their customers. *See, e.g.*, *id.*; *Chambers v. Vill. of Moreauville*, 2011-0898, p. 9-11 (La. 1/24/12); 85 So. 3d 593, 600 ("[T]he cost of fixing all deviations [that were] similar to the instant deviation [in a city's sidewalks] [wa]s out of proportion to the gain in fixing such deviations because the risk of someone being seriously injured by such a small sidewalk defect [wa]s so slight."). Moreover, moving the benches as Plaintiff suggests (Rec. Doc. 73-1 ¶¶ 16-17) could create the same problem in a different part of the store. If the benches are moved

to the front of the shoe section, they might not be visible from the back of the section; the parties would be back to square one.

The final factor focuses on the Plaintiff's behavior and asks whether it has social utility or is dangerous by nature. *See Bufkin*, 171 So. 3d at 856. Shopping for shoes has social value because it stimulates the economy and Plaintiff may be more productive in her daily life with adequate footwear. And while "dangerous" is an unnecessarily inflammatory descriptor for Plaintiff's decision to try on the shoes while leaning on the table, Plaintiff's actions were not prudent. Plaintiff made shoe shopping riskier by setting aside common sense and trying on the shoes before sitting down. Such a decision by a plaintiff weighs in favor of finding that TJX owed Plaintiff no duty. *See Edmisson*, 177 F. Supp. 3d at 980; *cf. Broussard*, 113 So. 3d at 192-93. Together, the four factors of the risk-utility analysis indicate that the seating at the TJX store was not unreasonably dangerous and that Defendant had no duty to Plaintiff.[1]

New Orleans, Louisiana, this 26th day of October, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has the burden of establishing every element of her negligence claim. *See Bufkin*, 171 So. 3d at 855. Because failure to raise a genuine issue of material fact as to the duty element necessarily means that Plaintiff cannot prevail on her negligence claim, there is no need to discuss Defendants' argument that, if TJX owed Plaintiff a duty, TJX did not breach that duty. *See* Rec. Doc. 70-1 at 4-7. For the same reason, there is no need to reach Plaintiff's argument that she is entitled to summary judgment on the cause-in-fact prong of her negligence claim. *See* Rec. Doc. 65-1 at 2-3.

9